IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 22-cv-02944-NYW-NRN

JASON CAVANAUGH,

Plaintiff,

v.

ROLAND CORPORATION;
ROLAND CORPORATION U.S.;
STREAMLINE DISTRIBUTING, LLC d/b/a STREAMLINE AUDIO VIDEO;
AMAZON.COM, INC.

Defendants.

---

**ORDER ON
DEFENDANT ROLAND CORPORATION'S MOTION TO QUASH SERVICE OF
PROCESS, FED. R. CIV. P. 12(b)(5) and HAGUE SERVICE CONVENTION
(Dkt. #15)**

---

**N. Reid Neureiter
United States Magistrate Judge**

This matter is before the Court pursuant to an Order (Dkt. #18) entered by Judge Nina Y. Wang referring Defendant Roland Corporation's ("Defendant") Motion to Quash Service of Process, Fed. R. Civ. P. 12(b)(5) and the Hague Service Convention (the "Motion to Quash"). (Dkt. #15.) Plaintiff responded to the motion (Dkt. #25) and Defendant replied. (Dkt. #26.) The Court heard oral argument on January 11, 2023. (*See* Dkt. #27.) The Court permitted and has received supplemental briefing from the parties. (Dkt. ##28, 29.) The Court has considered the briefing, argument, Federal Rules of Civil Procedure and case law, and now **ORDERS** that the Motion to Quash be **GRANTED.**

## BACKGROUND

Plaintiff alleges that Defendant is a foreign for-profit corporation headquartered in Japan. (Dkt. #5 at 2, ¶¶ 5–6.) Defendant Roland Corporation U.S. is allegedly a wholly-owned subsidiary of Defendant, incorporated in Delaware and headquartered in Los Angeles, California. (*Id.*, ¶¶ 9–11, 14.) Plaintiff alleges that Defendant and Roland Corporation U.S. "share much of the same leadership" and are "part of the same business organizational structure." (*Id.*, ¶¶ 14, 15.)[1]

On October 18, 2022, Plaintiff filed a return of service with an affidavit purporting to have served Defendant, a Japanese corporation, at the Los Angeles location of Roland Corporation U.S. (Dkt. #9).

In support of its Motion to Quash, Defendant submitted an affidavit from Jun Yamato, the Vice-President, General Counsel, and registered agent for service of process for Roland Corporation U.S. (*See* Dkt. #15-1.) Mr. Yamato states that Defendant and Roland U.S. are two separate legal entities. (*See id.*) Defendant does not have a U.S. based agent for service of process, and Roland U.S. is not authorized to accept service on behalf of Defendant.

## ANALYSIS

The Court finds that the service of process on Defendant was ineffective and will be quashed.

> "Before a federal court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied." *Omni Capital Int'l, Ltd. v. Rudolf Wolff & Co.*, 484 U.S. 97, (1987). Service of process notifies a defendant of the commencement of an action against him

---

[1] Additionally, in the response to the Motion to Quash, Plaintiff attached Defendant's Annual Securities Report for 2021, which shows that Roland Corporation U.S. is a wholly owned subsidiary of Defendant.

2

>and "marks the court's assertion of jurisdiction over the lawsuit." *Okla. Radio Assocs. v. FDIC*, 969 F.2d 940, 943 (10th Cir. 1992). Stated differently, "service of summons is the procedure by which a court having venue and jurisdiction of the subject matter of the suit asserts jurisdiction over the person of the party served." *Omni*, 484 U.S. at 404 (citation and brackets omitted); *see also* BNSF Ry. Co. v. Tyrrell, ⸺ U.S. ⸺, 137 S. Ct. 1549, 1556, 198 L.Ed.2d 36 (2017) ("[A]bsent consent, a basis for service of a summons on the defendant is prerequisite to the exercise of personal jurisdiction.")

*Compania de Inversiones Mercantiles, S.A. v. Grupo Cementos de Chihuahua S.A.B. de C.V.*, 970 F.3d 1269, 1292 (10th Cir. 2020).

Defendant is a Japanese corporation, and Japan is a signatory to the Hague Convention of Service (also referred to as the "Hague Service Convention"). *See* Hague Conference on Private International Law ("HCCH") website, https://www.hcch.net/en/instruments/conventions/status-table/?cid=17 (last visited January 19, 2022) (indicating that the treaty entered into force for Japan in 1970 and for the United States in 1969). "The Hague Service Convention is a multilateral treaty that was formulated in 1964 by the Tenth Session of the Hague Conference of Private International Law." *Volkswagenwerk Aktiengesellschaft v. Schlunk*, 486 U.S. 694, 698 (1988). Revisions were made to "provide a simpler way to serve process abroad, to assure that defendants sued in foreign jurisdictions would receive actual and timely notice of suit, and to facilitate proof of service abroad." *Id.*

Article 1 of the Convention provides, "The present Convention shall apply in all cases, in civil or commercial matters, where there is occasion to transmit a judicial or extrajudicial document for service abroad," and the Supreme Court has explained that this language is mandatory. *Id.* at 699. Importantly, where the Convention applies to service it preempts all inconsistent methods of service prescribed by state law. *Id.*

Plaintiff argues that he served Defendant by serving Defendant's domestic subsidiary in California. (*See* Dkt. #25 at 4.) Indeed, California law permits such service. *See Yamaha Motor Co. v. Superior Ct.*, 174 Cal. App. 4th 264, 271–75 (2009) (holding that under California law service upon domestic subsidiary was sufficient to serve foreign corporation).

Fatal to this argument, however, is the undeniable fact that Colorado is the forum state.[2] *Forum State*, Black's Law Dictionary (11th ed. 2019) (defining forum state as "[t]he state in which a lawsuit is filed"). The Court, therefore, considers whether Colorado law considers service on a domestic subsidiary as effective upon the foreign parent corporation. *See Willhite v. Rodriguez-Cera,* 274 P.3d 1233, 1236 (Colo. 2012) (explaining that the "United States Supreme Court has held that the Convention is implicated when the laws of the *forum* state require the transmittal of documents abroad in order to effectuate service" and evaluating Colorado's rules governing service of

---

[2] Plaintiff's suggestion that the holding in *Schlunk* uses the term "state" to mean the United States' laws in general or as a nation—as opposed to the laws of specific forum state—is rejected. In *Schlunk*, the Supreme Court used the term "forum state" and proceeded to analyze service under Illinois law (which was the forum state in that case). 486 U.S. at 700 ("The Convention does not prescribe a standard, so we almost necessarily must refer to the internal law of the *forum* state. If the internal law of the *forum state* defines the applicable method of serving process as requiring the transmittal of documents abroad, then the Hague Service Convention applies.") (emphasis added); *see id.* at 706–8. Even in *Yamaha*, upon which Plaintiff relies, the California Court of Appeals acknowledged that *Schlunk* considered whether service was proper under Illinois law, then proceeded to analyze whether service was effectuated under California law (the state where the *Yamaha* suit was filed). *Yamaha Motor Co.*, 174 Cal. App. 4th at 269–70. Indeed, the heading of the relevant section states "Federal Law Makes the Validity of the Service Dependent on State Law." *Id.* at 269. That is, the *forum state's* law.

process "[b]ecause the applicability of the Hague Service Convention depends on the law of the *forum* state") (emphasis added).

Colorado Rule of Civil Procedure 4(e) governs personal service, including upon a corporation. The language of Rule 4(e) is mandatory. Colo. R. Civ. P. 4(e) ("Personal service *shall* be as follows . . . .") (emphasis added). Rule 4(e)(4) describes the permitted means for serving process on a corporation in the United States. As Defendant correctly notes, none of Colorado's prescribed methods for serving a corporation domestically permit service upon a subsidiary that is not the corporation's registered agent for service of process. Thus, Plaintiff's options for service are to serve Defendant in Japan via "any internationally agreed means reasonably calculated to give notice, the law of the foreign country" as prescribed by Rule 4(d), or to seek substituted service under Rule 4(f). *See Willhite*, 274 P.3d at 1239 (finding that substituted service under rule 4(f) does not implicate the Hague Service Convention). And, though *Willhite* permits substituted service under Colo. R. Civ. P. 4(f), Plaintiff has not moved for substituted service as an alternative to service abroad. Thus, simply serving the registered agent for Roland Corporation U.S. does not effectuate service upon Defendant.

Plaintiff's reliance on *Willhite* for the proposition that the Hague Service Convention does not apply is misguided; *Willhite* holds only that substituted service under Rule 4(f) does not implicate the Hague Service Convention, not that the Hague Service Convention never applies under Colorado law. 274 P.3d at 1240.

5

Finally, as Defendant argues, the Colorado long-arm statute does not authorize service on a domestic subsidiary as effective against the foreign parent. The Colorado long-arm statue provides:

> Service of process upon any person subject to the jurisdiction of the courts of Colorado may be made by personally serving the summons upon the defendant or respondent outside this state, in the manner prescribed by the Colorado rules of civil procedure, with the same force and effect as if the summons had been personally served within this state.

Colo. Rev. Stat. § 13-1-125(1). Thus, Plaintiff must still comply with the Colorado Rules of Civil Procedure which, as previously stated, requires compliance with the Hague Service Convention or other Japanese law concerning service, or by seeking leave to serve via substituted service.

For the reasons set forth above, it is hereby **ORDERED** that the Motion to Quash Service of Process, Fed. R. Civ. P. 12(b)(5) and the Hague Service Convention (the "Motion to Quash") (Dkt. #15) is **GRANTED.**

Dated:     February 16, 2023            _____
           Denver, Colorado             N. Reid. Neureiter
                                        United States Magistrate Judge